**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**LARRY JO LEESON,**

        **Petitioner,**

**v.**                                    **Civil Action No.   1:08cv97**
                                              **Criminal Action No.  1:03cr43**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**


## OPINION/REPORT AND RECOMMENDATION

On March 31, 2008, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  This case is before the undersigned for a preliminary review and Report and Recommendation pursuant to Standing Order No. 4 and LR PL P 83.15, et seq.

## I.   Procedural History

**A.  Conviction and Sentence**

On September 4, 2003, the petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The petitioner pleaded not guilty on September 25, 2003.

On October 6, 2003, the petitioner filed a Notice of Insanity Defense.  Moreover, on November 7, 2003, petitioner's counsel filed a Motion for Competency Evaluation asserting that the petitioner suffers from mental illness and may not be competent to proceed.  The petitioner's motion for a competency evaluation was granted and the petitioner was transferred to the Metropolitan

Correctional Center in Chicago, Illinois for a mental evaluation. On May 7, 2004, the Court held a competency hearing and determined that the petitioner was competent to proceed to trial.

Thereafter, on May 13, 2004, the petitioner filed a Notice of Intent to Rely on Insanity Defense and to Present Expert Testimony of Defendant's Mental Health. The petitioner proceeded to jury trial on September 16, 2004, where he was found guilty. On January 28, 2005, the petitioner was found to be an armed career criminal and was sentenced to 230 months imprisonment.

**B.  Direct Appeal**

Petitioner filed a direct appeal of his conviction and sentence on February 23, 2005. As grounds therefor, the petitioner asserted the following:

(1) the district court abused its discretion by allowing the arresting officer to testify with regard to statements made by the petitioner at the time of his initial arrest;

(2) the district court abused its discretion by allowing Dr. Jason Dana to testify regarding statements made by the petitioner's fellow inmates at MMC-Chicago; and

(3) the district court erred by sentencing the petitioner under the Armed Career Criminal Act.

On July 19, 2006, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence by published opinion. See United States v. Leeson, 453 F.3d 631 (4th Cir. 2006).

**C.  Federal Habeas Corpus**

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) the government failed to prove a nexus with interstate commerce;

(2) 18 U.S.C. § 922(g)(1) is unconstitutional; and

(3) ineffective assistance of counsel.

## II.  Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence."  Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

## A.  Procedural Default

"[A] final judgment commands respect.  For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).  Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review.  Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."  United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999).  "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  Id.  Actual prejudice is then shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice.  See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray

v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

In this case, grounds one and two should have been raised on direct appeal and are now procedurally defaulted, unless the petitioner can show cause and prejudice for the default. In his memorandum in support of his petition, the petitioner asserts that "cause" exists because appellate counsel failed to raise these issues on direct appeal. Moreover, the petitioner asserts that, had counsel raised these issues, there is a "high probability" that his conviction would have been overturned on direct appeal. Thus, it appears that the petitioner is asserting that he raised ineffective assistance of counsel on appeal.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that

he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivilous issues on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Here, the petitioner merely asserts that counsel should have raised these issues on appeal, and that if he had done so, there would have been a high probability of success on appeal. However, the petitioner fails to provide any evidence or support for this position, let alone, rebutt the presumption that counsel merely winnowed out the weaker arguments on appeal. Thus, the petitioner has not shown that counsel was ineffective for failing to raise these issues on appeal. Because the petitioner fails to make the requisite showing of cause and prejudice, or that a fundamental miscarriage of justice will occur if grounds one and two are not considered on the merits, those grounds are procedurally defaulted and cannot be raised for the first time in a § 2255

motion. Accordingly, grounds one and two should be denied.

**B.    Ineffective Assistance of Counsel**

In this ground, the petitioner asserts that counsel was ineffective in three ways:

(1) for failing to subpoena Dr. Anne Vancott to testify that the petitioner requested narcotics and to elaborate on the reasons why the defendant was coming off pain medication and requesting narcotics;

(2) for failing to conduct an investigation into the petitioner's mental illness and further an insanity defense; and

(3) for failing to investigate the petitioner's mental illness and seek a competency hearing. In addition, the petitioner asserts that the cumulative effect of these three errors rendered his trial fundamentally unfair.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

With respect to each of the issues raised in this ground, the petitioner is essentially arguing that counsel failed to appropriately investigate the petitioner's mental illness and present an insanity

defense. However, this claim is refuted by the record. The petitioner's alleged mental illness was clearly known to defense counsel prior to trial. In fact, defense counsel requested, and was granted, several extensions of time to investigate the petitioner's mental illness claims. After doing so, defense counsel moved for, and was granted, a psychological evaluation. The results of that evaluation were that the defendant was competent. Despite that finding, defense counsel continued to press an insanity defense and presented witnesses to that effect. The fact that the jury found the petitioner guilty despite this defense does not establish that defense counsel was ineffective. It merely shows that the jury did not believe that the petitioner was insane at the time the offense was committed.

Finally, to the extent that the petitioner argues cumulative error based on his three grounds of ineffective assistance of counsel, a cumulative-error analysis is neither necessary nor appropriate in this case. "The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error" and "[t]he purpose of a cumulative-error analysis is to address that possibility." United States v. Rivera, 900 F. 2d 1462, 1469 (10th Cir. 1990). Therefore, a "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error." Fisher v. Angelone, 163 F.3d 835, 853 n. 9 (4th Cir. 1998). In this case, the Court has not found any individual constitutional errors, therefore, there is no need for a cumulative-error analysis.

### III.   Conclusion

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served with a copy of this Recommendation, any party shall

file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: April 4, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE