IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY JO LEESON,

    Petitioner

v.     //    CIVIL ACTION NO. 1:08CV97
    CRIMINAL ACTION NO. 1:03CR43
    (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 31, 2008, pro se petitioner, Larry Jo Leeson, ("Leeson") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09.

On April 4, 2008, Magistrate Judge Seibert issued an R&R recommending that this Court deny and dismiss Leeson's petition with prejudice. The R&R also specifically warned that failure to object to it would result in the waiver of any appellate rights on this issue. On April 22, 2008, Leeson moved this Court for an additional thirty days to file objections to the R&R. On April 23, 2008, the Court granted the motion and gave Leeson until June 9,

2008 to file any objections. Nevertheless, Leeson failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (civil dkt. no. 5; criminal dkt. no. 87), **DENIES** the Petition for Writ of Habeas Corpus (civil dkt. no. 1; criminal dkt. no. 82), and **DISMISSES** this case **WITH PREJUDICE**. The Clerk is ordered to **STRIKE** this case from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: June 17, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Leeson's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).