IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY LEESON,**

      **Petitioner,**

**v.**                              **CRIMINAL ACTION NO. 1:03CR43**
                                    **CIVIL ACTION NO. 1:16CV139**
                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

In this Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") filed by the pro se petitioner, Larry Leeson ("Leeson"), the question presented is whether, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), Leeson's prior conviction for burglary in violation of Texas Penal Code § 30.02 qualifies as a crime of violence under the Armed Career Criminal Act ("ACCA"). Because it does not, the Court **GRANTS in part** and **DENIES in part** Leeson's Motion (Dkt. No. 1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

**A.    Conviction and Sentence**

On September 4, 2003, a grand jury in the Northern District of West Virginia returned an indictment charging Leeson with one count of being a felon in possession of a firearm, in violation of 18

**LEESON V. USA**                                                   **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

U.S.C. §§ 922(g)(1) and 924(a)(2) (Dkt. No. 7).[1] Despite Leeson's insanity defense, a jury convicted him of the firearm charge on September 22, 2004 (Dkt. No. 65). At Leeson's sentencing, the Court determined that he was subject to an enhanced sentence under the ACCA based on three prior convictions from Texas, which included attempted capital murder of a peace officer, aggravated robbery, and burglary of a habitation with intent to commit theft (Dkt. Nos. 70 at 11-13; 77 at 21). Leeson received a sentence of 230 months of incarceration and 5 years of supervised release (Dkt. No. 68).

Leeson appealed his sentence, arguing that the Court had erred in considering his convictions for attempted murder and aggravated robbery as "separate occasions." In a published opinion dated July 19, 2006, the Fourth Circuit affirmed Leeson's conviction and sentence, including the Court's decision to enhance his sentence under the ACCA (Dkt. No. 76). The Supreme Court subsequently denied Leeson's petition for a writ of certiorari. Leeson v. United States, 127 S. Ct. 1874 (2007).

---

[1] Unless otherwise noted, citations to docket entries in this section refer to Criminal No. 1:03cr43.

**LEESON V. USA** **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

**B.    The First § 2255 Motion**

Leeson filed a timely motion under 28 U.S.C. § 2255, arguing that 1) the Government had failed to prove the requisite nexus with interstate commerce, 2) 18 U.S.C. § 922(g)(1) is unconstitutional, and 3) his trial counsel was ineffective (Dkt. No. 1 at 4-7).[2] The magistrate judge recommended that the Court dismiss Leeson's motion. Despite receiving an extension of time, Leeson failed to object to the recommended dismissal (Dkt. Nos. 5; 8). On June 17, 2008, the Court denied Leeson's motion and dismissed the case with prejudice (Dkt. No. 10).

**C.    The Instant § 2255 Motion**

On July 6, 2016, the Fourth Circuit granted Leeson authorization to file a second or successive § 2255 motion after determining he had made a prima facie showing that the Supreme Court's decision in <u>Johnson v. United States</u> applied to his case (Dkt. No. 7). In his Motion, Leeson raised four claims for relief: 1) "Ineffective assistance of counsel," 2) "Court Error - U.S.S.G. Calculation," 3) "Johnson claim," and 4) "U.S.S.G. Manual § 4A1.2 Commentary" (Dkt. No. 9 at 5-11). The Court referred the Motion to

---

[2] Unless otherwise noted, citations to docket entries in this section refer to Civil No. 1:08cv97.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review.

In its response to Leeson's Motion, the Government argued that Grounds One, Two, and Four are time-barred by 28 U.S.C. § 2255(f) because they fail to raise a newly-recognized right (Dkt. No. 16 at 10-12). It further contended that Leeson's ACCA enhancement remains valid because his predicate offenses do not rest on the ACCA's residual clause. Id. at 12-24. Magistrate Judge Trumble's report and recommendation ("R&R") recommended that the Court deny Leeson's Motion and dismiss this case with prejudice (Dkt. No. 34). Leeson filed timely objections to the R&R, in which he "agrees that three of the claims presented are in fact time barred" (Dkt. No. 36 at 1), but objects that his 1988 conviction for burglary of a habitation with intent to commit theft, in violation of Texas Penal Code § 30.02(a), does not qualify as a crime of violence after Johnson. Id. at 1-8.

## II. STANDARDS OF REVIEW

**A. Magistrate Judge's R&R**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt,

4

LEESON V. USA                                          1:16CV139/1:03CR43

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**B.   Pro Se Pleadings**

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se petition is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the petitioner could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. APPLICABLE LAW

It is appropriate to begin with a brief discussion of the law applicable to Leeson's sentence. Leeson was convicted in 2005 of violating 18 U.S.C. § 922(g) by being a felon in possession of a

5

**LEESON V. USA**                                                  **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

firearm. At that time, the ACCA imposed an enhanced sentence of 15 years to life imprisonment if a defendant had three previous convictions for a "violent felony" or "serious drug offense." Serious drug offenses included those under the Controlled Substance Act for which the maximum term of imprisonment was 10 years or more. 18 U.S.C. § 924(e)(2)(A). Violent felonies included those punishable by more than one year in prison that:

(i) ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) [were] burglary, arson, or extortion, involve[d] use of explosives, or otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). Subsection (i) is known as the "force clause"; subsection (ii) contains "enumerated offenses" and the so-called "residual clause," which is the focus of Leeson's Motion. Without an ACCA enhancement, being a felon in possession of a firearm carries a 10-year maximum sentence. Id. § 924(a)(2).

The landscape of sentencing under the ACCA changed radically in 2015 when the Supreme Court of the United States decided Johnson v. United States. There, the Court considered a vagueness challenge to the ACCA's definition of a violent felony. Reasoning that the

**LEESON V. USA                                          1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

statute's residual clause involved too much uncertainty about "how to estimate the risk posed by a crime," and how much risk sufficed to qualify a felony as violent, the Supreme Court declared the clause unconstitutionally vague. 135 S.Ct. at 2557-59. Thereafter, in <u>Welch v. United States</u>, the Court applied <u>Johnson</u> retroactively to cases on collateral review, thus entitling petitioners to challenge their ACCA residual clause enhancements under 28 U.S.C. § 2255. 136 S.Ct. 1257, 1261 (2016).

When a petitioner challenges whether a predicate offense depends on the unconstitutional residual clause of the ACCA, a court must determine whether the offense fits within the force clause or qualifies as an enumerated offense. <u>See</u> <u>United States v. White</u>, 836 F.3d 437, 442-43 (4th Cir. 2016). As to the enumerated offense of "burglary," which is relevant here, in <u>Taylor v. United States</u>, the Supreme Court concluded "that Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most states." 495 U.S. 575, 598 (1990). "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." <u>Id.</u>

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

If a defendant has been convicted of burglary "where the generic definition has been adopted, with minor variations in terminology," then the conviction qualifies as a predicate offense if "the state statute corresponds in substance to the generic definition of burglary." Id. at 599. Some states, however, "define burglary more broadly . . . by including places, such as automobiles and vending machines, other than buildings." Id. at 599. The Supreme Court has made clear that the ACCA "makes burglary a violent felony only if committed in a building or enclosed space . . . not a boat or motor vehicle." Shepard v. United States, 544 U.S. 13, 15-16 (2005).

"To determine whether a prior conviction is for generic burglary . . . courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the facts of the case." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). If a statute has "multiple alternative elements," the Supreme Court has approved the "modified categorical approach." Id. at 2249 (citing Shepard, 544 U.S. at 26). "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea

8

LEESON V. USA                                      1:16CV139/1:03CR43

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

agreement and colloquy) to determine what crime, with what elements a defendant was convicted of." Id. The court then compares that particular crime to the elements of generic burglary. Id.

### IV. DISCUSSION

A federal prisoner may attack his sentence by way of a motion under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . If the court finds that the judgment was [unlawful for various specified reasons], the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (alteration in original) (quoting 28 U.S.C. § 2255).

Therefore, "a district court's resolution of a prisoner's § 2255 petition proceeds in two steps." Id. "First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds." Id. If the sentence is unlawful, the court must vacate and set aside the sentence. "Second, if the prisoner's sentence . . . is set aside, the district court 'shall' grant the prisoner an 'appropriate' remedy." Id.

9

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

**A.    Leeson's Claims One, Two, and Four**

Finding no clear error in Magistrate Judge Trumble's recommendation that the Court dismiss Claims One, Two, and Four as time-barred (Dkt. No. 34 at 7-10), the Court **ADOPTS** the recommendation and **DISMISSES WITH PREJUDICE** Claims One, Two, and Four of the Motion.

**B.    Leeson's Claim Three**

Regarding the Johnson argument raised by Leeson in Claim Three, the R&R concluded that none of Leeson's predicate offenses relied on the residual clause (Dkt. No. 34 at 11-19). Leeson, however, contends that the statute applicable to his burglary conviction is too broad to qualify as an ACCA enumerated offense (Dkt. No. 36). Based on Fourth Circuit cases, the Court agrees.

When Leeson was convicted of burglary in 1988, the relevant Texas statute provided as follows:

> (a)  A person commits an offense if, without the effective consent of the owner, the person:
>
> (1)  enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2)  remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

**LEESON V. USA**                                            **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

>     (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code Ann. § 30.02(a) (West 1988). Leeson's charging documents indicate that "on or about October 29, 1988, [Leeson] did then and there unlawfully with intent to commit theft, enter a habitation owned by Deborah Westrope . . . without consent of any kind" (Dkt. No. 9-7 at 1). This conduct correlates with § 30.02(a)(1).

Texas law in 1988 defined a "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons." Texas Penal Code Ann. § 30.01(1) (West 1988). A "vehicle" included "any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation.'" Id. § 30.01(3). To determine whether a structure or vehicle is suitable for overnight accommodation, Texas courts "look to a host of considerations such as the contents of the structure, including bedding, electricity, plumbing, or furniture." Salazar v. State, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009).

Because it squarely addressed whether a conviction under Texas Penal Code § 30.02(a)(3) is a crime of violence in the Fourth

**LEESON V. USA**                                                  **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Circuit, at first inquiry, United States v. Bonilla appears to dictate the outcome of this case. 687 F.3d 188 (4th Cir. 2012). In Bonilla, the court reasoned that, "[b]ecause section (a)(3) requires an unlawful entry, of a building or habitation, and the separate intent to commit a felony, theft, or assault, . . . it corresponds 'in substance' to Taylor's generic definition of burglary." Id. at 193. This same analysis applies to subsection (a)(1). See id. But see United States v. Herrold, 883 F.3d 517 (5th Cir. 2018) (en banc) (holding that § 30.02(a) is not divisible and subsection (3) is not a crime of violence), petition for cert. filed, No. 17-1445 (April 19, 2018). But in Bonilla, the court did not consider the breadth of "habitation" under § 30.02(a).

Other Fourth Circuit cases, however, have addressed similar state burglary statutes that criminalize unlawful entry into vehicles. In United States v. Henriquez, the court analyzed Maryland's burglary statute, which provides that "[a] person may not break and enter the dwelling of another with the intent to commit theft or a crime of violence." 757 F.3d 144, 148 (4th Cir. 2014) (quoting Md. Code Ann., Crim. Law § 6-202(a)). Maryland's interpretation of "dwelling" includes places "intended to be used, and in fact . . . used, as an abode and place for humans to sleep."

12

**LEESON V. USA** **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Id. (quoting McKenzie v. State, 962 A.2d 998, 1005 (Md. 2008)). This "capture[s] recreational vehicles and easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings." Id. at 148-49. Because "a sentencing court would have no way to ensure that a first degree burglary conviction in Maryland did not involve an excluded enclosure," the crime is broader than the generic definition, and thus not a crime of violence. Id. at 149.

Likewise, in United States v. White, the Fourth Circuit decided whether a conviction for burglary under W. Va. Code § 61-3-11(a) qualifies as "burglary" within the meaning of the ACCA. 836 F.3d at 444. West Virginia's burglary statute provides as follows:

> If any person shall, in the nighttime, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a crime therein, he shall be deemed guilty of burglary.

W. Va. Code § 61-3-11(a). Critically, the statutory definition of a "dwelling house" includes vehicles:

> [A] mobile home, house trailer, modular home, factory-built home or self-propelled motor home, used as a dwelling regularly or only from time to time, or any other nonmotive vehicle primarily designed for human habitation and occupancy and used as a dwelling regularly or only from time to time.

13

**LEESON V. USA**                                          **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Id. § 61-3-11(c). Because this statute includes vehicles, the Fourth Circuit concluded that "the West Virginia burglary statute encompasses conduct that is excluded from the definition of generic burglary," and does not qualify as an ACCA predicate offense. White, 836 F.3d at 445.

Texas Penal Code § 30.02(a) contains the same fatal over-breadth. Section 30.02(a) criminalizes burglary of a "habitation," which includes structures or vehicles "adapted for the overnight accommodation of persons." Texas Penal Code Ann. § 30.01(1) (West 1988). A vehicle may be so adapted if it is found to contain "bedding, electricity, plumbing, or furniture." Salazar, 284 S.W.3d at 877. Undoubtedly, a "habitation" under § 30.02(a) "easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings." Henriquez, 757 F.3d at 149. Since boats and motor vehicles fall outside the Supreme Court's definition of generic burglary, a conviction under Texas Penal Code § 30.02(a) cannot qualify as an enumerated predicate offense under the ACCA, and Leeson's conviction under § 30.02(a) should not have been counted. It follows that, absent the Texas burglary conviction, Leeson has an insufficient number of predicate offenses to qualify for an enhancement under the ACCA, making his ACCA

**LEESON V. USA**                                    **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

enhancement unlawful. The Court therefore **GRANTS** Claim Three of his Motion (Dkt. No. 1).

**C.    The Appropriate Remedy**

The Court must next determine the appropriate remedy. "The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review." United States v. Davis, 708 F. App'x 767, 768 (4th Cir. 2017) (unpublished decision). "[T]he end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." Hadden, 475 F.3d at 661. "A district court need not actually vacate the original sentence if [an amended] judgment has the 'practical effect'" of doing so. Davis, 708 F. App'x at 769 (citing Hadden, 475 F.3d at 661 n.8).

Here, because the length of Leeson's sentence was unlawfully extended by application of the ACCA enhancement, the appropriate form of relief is the imposition of a new sentence. Given the circumstances of this case, a formal resentencing is unnecessary and, in fact, would needlessly prolong Leeson's incarceration.

LEESON V. USA                                                  1:16CV139/1:03CR43

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND  
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND  
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

"[H]ad <u>Johnson v. United States</u> been controlling at the time his sentence was imposed, [Leeson] would have only faced a statutory maximum term of 120-months and [Leeson] has now served more than 120-months in prison." <u>Evans v. United States</u>, No. 3:16-cv-00212-RLV, 2016 WL 3079923, at *2 (W.D.N.C. May 31, 2016). Furthermore, a conviction for which a ten year sentence is imposed is classified as a Class C Felony and carries a maximum of three years of supervised release, 18 U.S.C. §§ 3559(a)(3), 3583(b), rather than the five-year term previously imposed by the Court at Leeson's sentencing.

Therefore, the Court **CORRECTS** Leeson's sentence by reducing his term of incarceration to a period of time served and his term of supervised release to a period of three years. <u>Accord</u> <u>United States v. Westry</u>, No. 3:04CR267, 2017 WL 2221714, at *3 (E.D. Va. May 19, 2017). All other terms and conditions of the Judgment entered on February 16, 2005, remain in full force and effect (Crim. No. 1:03cr43, Dkt. No. 68).

### <u>V. CONCLUSION</u>

For the reasons discussed, the Court:

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND
GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

1) **ADOPTS in part** and **REJECTS in part** the R&R (Civ. No. 1:16CV139, Dkt. No. 34; Crim. No. 1:03CR43, Dkt. No. 144);

2) **GRANTS in part** and **DENIES in part** Leeson's Motion (Civ. No. 1:16CV139, Dkt. No. 1; Crim. No. 1:03CR43, Dkt. No. 112);

3) **DENIES AS MOOT** Leeson's various motions to supplement and for expedited review (Civ. No. 1:16CV139, Dkt. Nos. 21, 22, 23, 24, 26, 28, 29, 33, 37, 38, 40, 42, 43, 44; Crim. No. 1:03CR43, Dkt. Nos. 132, 133, 134, 135, 137, 139, 140, 143, 147, 148, 152, 154, 155, 156);

4) **CORRECTS** Leeson's sentence by reducing his term of incarceration to a period of time served and his supervised release to a period of three years; and

5) **ORDERS** the Bureau of Prisons to release Leeson as soon as practicable from his current facility of incarceration.

It is so **ORDERED**.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

**LEESON V. USA**                                               **1:16CV139/1:03CR43**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34] AND GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Leeson has not made a "substantial showing of the denial of a constitutional right" with regard to Claims One, Two, and Four. See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Leeson has failed to make the requisite showing with regard to Claims One, Two, and Four, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record, the pro se petitioner, by certified mail and return receipt requested, and all appropriate agencies. The Clerk is further **DIRECTED** to enter a separate judgment order.

DATED: May 11, 2018.

                                                      /s/ Irene M. Keeley
                                                      IRENE M. KEELEY
                                                     UNITED STATES DISTRICT JUDGE